IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN S. FRIEDLANDER,
as Assignee of the Successor Trustee
of the Legal Defense and Maintenance
Trust of California; and as an Express
Third Party Beneficiary of the Legal
Defense and Maintenance Trust of
California, Pro Se,

              Plaintiff,

    vs.                                       CIVIL NO.  06-1026 JP/LFG

MOUNTAIN STATES INDEMNITY CO.
and MOUNTAIN STATES INSURANCE
GROUP,

              Defendants.

## MEMORANDUM OPINION AND ORDER
## RECOMMENDING DISMISSAL WITHOUT PREJUDICE[1]

### Introduction

THIS MATTER is before the Court on the Court's Order to Show Cause [Doc. 9].  On

December 12, 2006, the Court *sua sponte* issued an Order to Show Cause directing Martin S.

Friedlander ("Friedlander") to show cause why his *pro se* lawsuit should not be dismissed without

prejudice.  On December 15, 2006, Friedlander filed a pleading entitled "Request That This Case be

Reassigned to a District Court Judge, including the Order to Show Cause Issued Sua Sponte on

---

[1]Within ten (10) days after a party is served with a copy of this analysis and recommended
disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis
and recommendation.  A party must file any objections within the ten-day period allowed if that party
wants to have appellate review of the analysis and recommendation.  If no objections are filed by
January 27, 2007 (calculation includes 3-days for mailing), no appellate review will be allowed.

12/12/06" [Doc. 10].  In his "Request", Friedlander asked that the entire case be reassigned to a district court judge and that the district court address the Order to Show Cause after Friedlander files a "reply" to the Order to Show Cause.

On December 26, 2006, Senior District Court Judge James A. Parker issued an Order granting Friedlander's request that his case be reassigned from United States Magistrate Judge Carmen E. Garza to a district court judge.[2] [Doc. 13.] However, Judge Parker denied Friedlander's request that the Order to Show Cause be decided by a district court judge.  Instead, the Court determined that the Order to Show Cause would be heard and decided by the undersigned Chief United States Magistrate Judge Lorenzo F. Garcia.  In its December 26 Order, the Court also directed Chief Magistrate Judge Garcia to hold an evidentiary hearing with respect to the Order to Show Cause, if necessary.  [Doc. 13, at 2.]  Friedlander never filed a response to the Magistrate Judge's Order to Show Cause, and the time for doing so has expired.

After a thorough review of the pertinent pleading and law, this Court finds that an evidentiary hearing is not necessary before resolving this matter.  The Court's analysis and recommendation follow.

### Factual and Procedural Background

On October 23, 2006, Friedlander filed a six-count complaint in which he asserted claims of breach of contract, contractual breach of implied covenant of good faith and fair dealing, tortious breach of implied covenant of good faith and fair dealing, *prima facie tort*, breach of fiduciary duty and unfair trade practices.  [Doc. 1.]  In the initial complaint, Friedlander identified himself as the

---

[2]The reassignment would have occurred as a matter of course since the case was tentatively assigned to a magistrate judge for disposition, subject to the parties' consent.  As the parties did not consent and the time for doing so expired, the case automatically would have been reassigned to an Article III judge.

"Duly Appointed Successor Trustee of the Legal Defense and Maintenance Trust of California," and alleged that he was the assignee by Settlors to the Trust and Successor Trustee to the Trust and authorized to assert claims.

On October 26, 2006, the Court issued an Order [Doc. 2] directing Friedlander to comply with this District's local rule requiring that a trust be represented by licensed counsel authorized to practice law in this District.  While Friedlander is licensed to practice law in the State of California, he admits he is not an attorney authorized to practice before the United States District Court in New Mexico.[3]  [Doc. 3, at 2.]

In response to the Court's October 26 Order and before Defendants filed an Answer, Friedlander, again acting *pro se*, filed an Amended Complaint [Doc. 3].[4]  In the proposed Amended Complaint, Friedlander set forth 2½  pages of initial argument and explanation in response to the Court's October 26 Order.  For example, in the Amended Complaint, Friedlander states that he believes the Court committed error in its Order to Show Cause.  In addition, Friedlander contends that he can appear *pro se* in this litigation because he, "as Trustee, assigned, in writing, all of the claims herein to himself as an individual . . . ."  He also asserts that the Trust in question is not an "entity" according to a legal treatise, and therefore, does not require representation by a licensed

---

[3]Friedlander states that he has been admitted *pro hac vice* in this District, but does not specify which cases or whether they are related to this case.  He also asserts that he was admitted *pro hac vice* in the United States Bankruptcy Court for the District of New Mexico in a related bankruptcy proceeding.  Friedlander further notes that he has practiced in many United States District Courts, including two Circuit Courts of Appeals (the Fifth and Ninth Circuit Courts of Appeal).  Finally, Friedlander argues in his Amended Complaint that he would have applied to this Court to appear *pro hac vice* if he had been a member of the New Mexico Bar or if the Court would have permitted him to appear *pro hac vice* without being associated with a member of the New Mexico Bar, i.e., in violation to the pertinent rules of civil procedure.

[4]As explained more fully below, this *pro se* pleading was filed in violation of the Court's orders and the District's local rule.

attorney authorized to practice law in this District.  Friedlander argues further that he, "as individual assignee, has an absolute constitutional and statutory right to proceed pro se."  [Doc. 3, at 1-3.]

On December 4, 2006, Defendants filed a motion to stay further proceedings in this matter because of a related bankruptcy proceeding.  [Doc. Nos. 6, 7.]  Before Friedlander responded to the motion to stay, this Court issued the Order to Show Cause that is the subject of this Memorandum Opinion and Order.  In the Order to Show Cause, the Court again explained to Friedlander that the District of New Mexico previously determined that trusts are business entities falling within the scope of the District's local rule requiring representation by licensed counsel.  [Doc. 9.]  The Court further noted, in part, that rather than comply with the its earlier directive and with the District's local rule, Friedlander elected to file a *pro se* amended complaint containing rambling and unsubstantiated argument.  The Court warned Friedlander that if he failed to show cause why he was not in violation of the earlier Court order, the lawsuit could be dismissed and sanctions could be imposed.

Instead of complying with the Court's Order, Friedlander filed a request that the proceeding, including the Order to Show Cause, be transferred to a District Court Judge.  As stated above, Friedlander filed no response, as required, to the Order to Show Cause, nor did he request an extension of time from the undersigned judge.[5]

On December 21, 2006, however, Friedlander filed a response to Defendants' motion to stay [Doc. 12].  In making its recommendation in this matter, the Court refers to arguments made by

---

[5]The court ordered Friedlander to file his response and supporting affidavit within 15 days of the December 12, 2006 Order to Show Cause.  [Doc. 9.]  The time for filing his written response was December 30, 2006 (15 days plus 3 days for mailing).  Since December 30, 2006 falls on a Saturday and a January 1, 2007 is a holiday, Friedlander's response was due January 2, 2007.  As of January 4, 2007, no response was received.

Friedlander in his December 21 response pleading as well as to assertions made in other pleadings Friedlander filed in this case.

In the response to Defendants' motion to stay, Friedlander identified the claims he seeks to assert on behalf of the Trust and the Trust's Settlors and provided information concerning the California Trust.  He alleges that one of the Settlors, Summit FloorMart LLC, had a policy of insurance issued by Defendant Mountain States.  He further alleges that Defendants have filed suit against Summit FloorMart LLC and other Settlors, including Summit Investment Co., Summit Valdes Business Park, and Jeffery W. Potter.  [Doc. 12.]  Friedlander also contends that under the terms of the insurance contract between Defendants and Summit FloorMart, Summit FloorMart and the other Settlors are entitled to a defense and indemnification from Mountain States on the various claims and lawsuits being prosecuted against Summit FloorMart, Summit Investment Co., Valdes Business Park and Jeffrey W. Potter.

On page 5 of his response to the motion to stay, Friedlander details some of the alleged injuries at issue in this proceeding.  He alleges that Plaintiffs' Assignors have been totally without funds to defend these cases and to litigate their own claims against Cook and Cook's attorneys. Friedlander asserts that Jeffrey Potter is entitled to, "food, lodging, medical care and other necessities of life," and because of judgments entered against him, Potter Settlor lacks funds to pay his living expenses, mortgage expenses, taxes, lease payments, all of which will result in Potter Settlor losing his house and his car being repossessed.  [Doc. 12.]

Friedlander does not assert that he had any contract of insurance with Defendants, nor that his house is being foreclosed or his car is being repossessed.  Friedlander does not contend that he is being denied  "food, lodging, medical care and other necessities of life."  Nor does he assert that

5

any judgment has been entered against him, the effect of which is to deprive him of funds to prosecute appeals, obtain reversals of judgment, or to prosecute claims against others.  None of the injuries alleged appear to pertain to Friedlander himself.

Moreover, Friedlander's response plainly sets out the purpose of the Trust as follows: "The sole purpose of this Trust is to enable the Settlors thereof to fund the above referenced obligations and to provide for Potter's care and maintenance . . . ." [Doc. 12, at 5, ¶ 4.]  Thus, it was clear from the onset that Friedlander was not acting as a *pro se* litigant, but was claiming to represent the interests of other individuals and entities, including Potter, Summit Investment Co., and Summit Valdes Business Park.  He purportedly filed suit contending that the Trust and the Successor Trustee to the Trust assigned claims to him and authorized him to assert those claims.  [Doc. Nos. 1, 3.]

### Discussion

The trust at issue in this case, like a corporate business entity, must be represented by an attorney authorized to practice before this Court.  "It is well settled that pro se litigants do not have standing to represent a trust."  Maisano v. Welcher, 940 F.2d 499, 501 (9th Cir. 1991), *cert. denied*, 112 S.Ct. 1957 (1992).  *See* Van De Berg v. C.I.R., 175 Fed. Appx. 539, 541 (3d Cir. Apr. 7, 2006) (finding that corporations and artificial entities, including trusts, must be represented by licensed counsel), *cert. denied*, 127 S. Ct. 193 (Oct. 2, 2006).

This District's Local Rules make clear that "[a] corporation or a partnership must be represented by an attorney authorized to practice before this Court."  D.N.M. LR-Civ 83.7.  Trusts are considered artificial entities similar to corporations.  Maisano, 940 F.2d at 501.  Thus, to appear before this Court, the Plaintiff trustee or trust must be represented by licensed counsel.  While Friedlander is a licensed attorney, he is not licensed to practice law in New Mexico, nor is he a

member of the State or Federal Bars.  In addition, Friedlander did not avail himself of the opportunity

to litigate this case on *pro hac vice* status by associating with a resident attorney.  Under these

circumstances, Friedlander may not proceed as a *pro se* litigant.

Moreover, in two prior orders, the Court gave Friedlander notice that New Mexico courts

have held that trusts are business entities falling within the scope of the local rule and that trusts, like

corporations, cannot pursue litigation in this federal forum unless they are represented by licensed

counsel.  [Doc. Nos. 2, 9.]  *See* Lion's Gate Water and William Turner, its Trustee, Acting in His

Official Capacity and Not Individually v. Gail Norton, Secretary of the U.S. Department of Interior,

No. CIV 04-929 MCA/LFG, slip. op. (D.N.M. Dec. 2, 2004).

In Lion's Gate, the individual, William Turner, sought to prosecute his lawsuit in a *pro se*

capacity.  He made arguments similar to those advanced by Friedlander.  That is, he contended he was

the beneficial owner of all legal and equitable title to the claims, and, therefore, the "real party in

interest."  Thus, Turner, like Friedlander, asserted he was entitled to proceed as a *pro se* litigant.  The

New Mexico District Court rejected Turner's argument and directed him to appear only through

licensed counsel.  In Lion's Gate, the Court similarly notified Turner that federal law authorizes

individuals to pursue litigation and to proceed in a *pro se* capacity, 28 U.S.C. § 1654, but that

corporations and business entities are not capable of appearing *pro se*.  Instead, they must be

represented by legal counsel.  *See* Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413 (10th

Cir. 1962) (requiring corporation to secure representation by licensed attorney), *cert. denied*, 371

U.S. 950 (1963).  This rule "has been the law for the better part of two centuries."  Rowland v.

California Men's Colony Unit II, Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716,

721 (1993).

The Rowland case involved the situation where the court was dealing with an unincorporated association of prison inmates organized by the prison warden.  In other instances, courts have determined that a dissolved corporation may not be represented by a former president, director or shareholder, even in instances where the individual was the sole shareholder and the sole successor-in-interest to the corporate assets.  Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 609 (11th Cir. 1984), reh'g denied, 755 F.2d 176 (1th Cir.), cert. denied, 471 U.S. 1056 (1985); Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001); and that partnerships, unincorporated associations and organizations cannot appear pro se.  Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1309-10 (2d Cir. 1991); MOVE Org. v. U.S. Dept. of Justice, 555 F. Supp. 684, 692-93 (E.D. Pa. 1983); Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986).

This Court's Order to Show Cause [Doc. 9] clearly advised Friedlander that the district's local rule precluding pro se representation by a corporation extended beyond the strict boundaries of formal corporate organizations and reached other forms of "artificial entities."

> As the courts have recognized, the rationale for that rule applies equally to *all artificial entities*.  Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, by providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

Rowland v. California Men's Colony, *supra* 506 U.S. at 202 [emphasis added].

In addition, this Court earlier concluded, *see* October 26, 2006 Order, that Friedlander sought to litigate interests on behalf of a trust, and therefore was not authorized to proceed in litigation in a *pro se* capacity.  Friedlander was directed to secure the services of licensed counsel and the Court

advised Friedlander that Plaintiff must be represented by a New Mexico licensed attorney within twenty days, noting that, "Failure to have an attorney so licensed enter an appearance within the time directed by this Order will result in a dismissal of Friedlander's lawsuit without prejudice." (Doc. 2, p. 4).

As described earlier in the procedural history of this case, Friedlander did not comply with the Court's directive.  Instead, he continued to file non-responsive pleadings to this Court's earlier orders.  The *pro se* pleadings he did submit, including the attempt to amend the complaint, were filed without the benefit of local counsel and violate this Court's specific directive and the district's local rule.

Rather than comply with the Court's orders, Friedlander seeks to convince the Court that he now owns all of the claims of the Trust and Settlors.  He states, "Friedlander, as Trustee, assigned in writing all of the claims herein to himself as an individual, so that he may appear *pro se*."  [Doc. 3, at 2.]  The Court disagrees.

The property and interests affecting the Settlors are inextricably intertwined with a number of proceedings pending before the U.S. Bankruptcy Court in New Mexico.  *See, e.g.*, New Mexico Bankruptcy Court 11-05-14071-MS, New Mexico Bankruptcy Court Adversary Proceeding No. 05-01151M; Adversary Proceeding No. 05-1129M; Adversary Proceeding No. 05-1216M; Adversary Proceeding No. 05-1149M: Adversary Proceeding No. 05-1218M; Adversary Proceeding No. 06-1138M; and Adversary Proceeding No. 05-1151M.

While Friedlander contends that he as Trustee assigned all of the Settlors' assets and claims to himself, he apparently did so without any authorization from the Bankruptcy Trustee or from the

Bankruptcy Court itself.  His ability to unilaterally deprive the Trust or Settlors of property or assets when that property is involved in bankruptcy proceedings is highly questionable.

Friedlander's own description of the Trust and the reasons why it exists make it abundantly clear that, notwithstanding his claim of ownership, he is prosecuting this action on behalf of other entities and individuals.  While an attorney is clearly authorized to do that, an attorney must comply with the rules of practice and procedure applicable to a federal district court.  Friedlander has failed to do so.

### Conclusion

Friedlander attempts to skirt New Mexico's rules on practice and procedures and has obstinately  refused to comply with this Court's explicit directives.  While this practice may be acceptable in the forum where Friedlander is licensed, it is not acceptable in the District of New Mexico.  Because Friedlander failed to comply with the Court's directives or to show cause why he was not in violation of the Court's orders, the Court recommends that Friedlander's causes of action as set out in the Complaint and First Amended Complaint [Doc. Nos. 1 and 3] be dismissed without prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge